Jason CLARK, Petitioner–Appellant,

v.

George DUNCAN, Respondent–Appellee.

No. 07–1544–pr.

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

Monica R. Jacobson, New York, NY, for Petitioner–Appellant.

Jodi A. Danzig, Assistant Attorney General (Andrew Cuomo, Attorney General, Barbara D. Underwood, Solicitor General; and Roseann B. MacKechnie, Deputy Solicitor General, on the brief), Office of the Attorney General of the State of New York, New York, NY, for Respondent–Appellee.

PRESENT: JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.[*]

### SUMMARY ORDER

Petitioner-appellant Jason Clark appeals from a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

In this habeas petition arising from his conviction and incarceration in the State of New York, Clark argues that he was deprived of his right to the effective assistance of counsel when deciding whether to plead guilty to the charged offenses. *See, e.g., Davis v. Greiner,* 428 F.3d 81, 87 (2d Cir.2005) ("It is well settled that a defendant's Sixth Amendment right to counsel extends to plea negotiations."). Clark alleges that his defense counsel failed to investigate the factual basis of a motion to suppress evidence at the core of the state's case. Had defense counsel conducted such an investigation and properly advised Clark of the likelihood that the suppression motion would be granted, Clark urges, he would not have agreed to plead guilty. *See, e.g., Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("[I]n order to satisfy the 'prejudice' requirement [of a claim of ineffective assistance of counsel], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

In support of his charge of ineffective assistance of counsel, Clark submitted a sworn affidavit in which he alleged that he consented to the search of his apartment only because of "overbearing official pressure." Appellant's App. 101. Clark also submitted an affidavit of his father, Eugene Clark, who claimed that he "did not authorize the search of [his] home" and was not allowed to speak to his son after his son's arrest by the police. *Id.* at 132. Neither Clark nor his father allege in their

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

statements that defense counsel failed to inquire into the circumstances of the search—and nothing in the record indicates that defense counsel failed to make such an inquiry.

While the record is silent on whether defense counsel was informed of the version of events recounted in the statements of Clark and his father, the record does contain evidence that contradicts their version of events—evidence that defense counsel possessed at the time he advised Clark to plead guilty. First, Detectives Wilcox and O'Hanlon stated that "defendant was asked numerous times ... (before defendant left the house with them) whether he wished to speak with his father. The defendant said [n]o, that he'd only yell at him or give him 'flack' or words to that effect." Appellee's App. 89. Second, Detective Wilcox reported that, after obtaining Clark's consent to search his apartment, the police officers "were then escorted up to [Clark's] apartment by his father" and that, later that day, Clark's father called the police on his own initiative to inform them that "he had found[ ] the pants that belonged to [a co-defendant] and inside the pocket was a clip to a handgun and it had bullets in it." *Id.* at 31. In addition, at a July 5, 1996 preliminary hearing, Clark's defense counsel was able to cross-examine Wilcox, probing the circumstances leading to Clark's confession and the search of his apartment.

Faced with these background facts and the overwhelming evidence against Clark—including Clark's confession, the murder weapon, and the testimony of Clark's co-defendants—defense counsel concluded that it was in Clark's "best interest" to withdraw his suppression motions and plead guilty. Appellant's App. 37. Applying, as we must, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we cannot say that it was unreasonable for defense counsel to recommend that Clark plead guilty, accept responsibility, and express remorse, in an attempt to obtain a more lenient sentence from the judge. The affidavits of Clark and his father suggest that there was a factual basis that might have led to the suppression of evidence, but other facts in the record contradict their version of events. More importantly, nothing in their affidavits—or, indeed, in the record—indicates that defense counsel failed to investigate the circumstances of Clark's arrest and the search of his apartment.

Nor does anything in the record indicate that professional incompetence, rather than professional judgment, caused defense counsel to recommend that the suppression motions be withdrawn and a plea of guilty entered. As defense counsel observed after trial, "[he] did not expect [Clark] to receive the maximum sentence of 25 to life, especially when [Clark] cooperated with the District Attorney's Office." Appellant's App. 114. "Although his prediction was wrong, his conduct was not unreasonable." *United States v. Bayless,* 201 F.3d 116, 130 (2d Cir.2000); *see also Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Accordingly, we conclude that defense counsel's representation of Clark did not fall below an objective standard of reasonableness. We therefore AFFIRM the judgment of the District Court denying Clark's petition for a writ of habeas corpus.